# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JUSTIN TYLER,** § § § **Plaintiff,** § § **v.** § § **UT HEALTH CENTER, CCMSI, ARDENT HEALTH SERVICES,** § § § § **Defendants.** § | **CIVIL ACTION NO. 6:22-CV-00141-JCB** |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Justin Tyler initiated this action, proceeding pro se, on April 12, 2022. (Doc. No. 1.) Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) With his complaint, Plaintiff submitted an affidavit alleging a wrongful death claim regarding the death of his mother and alleged misdiagnosis of COVID-19 and improper treatment. (Doc. No. 1-2.) Plaintiff requests $5,000,000.00 in damages as relief. (Doc. No. 1, at 4.) The court, having reviewed the allegations, finds that it has no basis for federal jurisdiction over the alleged claims because Plaintiff has not pleaded any facts plausibly invoking grounds for the court's jurisdiction.

## DISCUSSION

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal jurisdiction may be established through either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1331–32. Federal question jurisdiction may be established in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

1

§ 1331. Here, Plaintiff has not alleged any facts invoking the violation of the U.S. Constitution, federal law, or treaty to which the United States is a party. Rather, Plaintiff's allegations raise only a claim relating to the alleged wrongful death of his mother. (*See* Doc. Nos. 1, 1-2.) These allegations, construed liberally, do not invoke any federal question.

Federal subject-matter jurisdiction may alternatively be established based on diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and that (2) the matter in controversy exceeds $75,000. Here, Plaintiff is alleged to be a citizen of Texas and has sued UT Health, also alleged to be a citizen of Texas, so diversity does not apply. *See* Doc. No. 1, at 1–2; Doc. No. 1-2. As such, § 1332 is not a basis for the court's jurisdiction over this action. Accordingly, the court lacks jurisdiction over these claims, and they should be dismissed without prejudice.

## CONCLUSION

For these reasons, the court finds that it does not have subject matter jurisdiction over Plaintiff's claims. As such, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). It is therefore **RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction. Should Plaintiff wish to pursue his claims, they should be filed in the appropriate state forum.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except

on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 19th day of April, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE